REDEVELOPMENT COMMISSION OF GREENSBORO, PETITIONER, v. BERNICE T. HAGINS (HAGAN) AND HUSBAND, J. G. HAGINS; CITY OF GREENSBORO; AND COUNTY OF GUILFORD, RESPONDENTS

AND

REDEVELOPMENT COMMISSION OF GREENSBORO, PETITIONER, v. BERNICE T. HAGINS (HAGAN) AND HUSBAND, J. G. HAGINS; CITY OF GREENSBORO; AND COUNTY OF GUILFORD, RESPONDENTS.

(Filed 16 June, 1966.)

**Eminent Domain § 7a—**

    Testimony of respondent to the effect that she had on separate occasions talked to two of petitioner's agents in regard to selling the land and that she had refused to admit court appointed appraisers on the property because she maintained the property was not for sale, *held* sufficient to show that petitioner had made an attempt in good faith to purchase respondent's land before instituting condemnation proceedings.

MOORE, J., not sitting.

APPEAL by respondents from *Johnston, J.,* October 4, 1965 Civil Session, GUILFORD Superior Court, Greensboro Division.

These are special proceedings instituted before the Clerk by notice and petitions in condemnation filed January 14, 1963, by the

Redevelopment Commission of Greensboro against Bernice C. Hagins and husband, J. G. Hagins, to acquire the fee simple title to two lots within the redevelopment area.

The respondents on February 1, 1963, filed demurrers to the petitions based upon a number of grounds: (1) That the petition fails to allege the petitioner has made an effort to acquire the land by purchase; (2) the respondents' property sought to be acquired does not qualify for inclusion in the redevelopment project; (3) the plan for the redevelopment does not meet the requirements of law.

On February 20, 1963, the petition was amended to allege the petitioner had made good faith but unsuccessful efforts to acquire the lots by purchase; that the petitioner had on hand nontax funds sufficient to pay for the lots. The clerk, after hearing, found the petitioner was by law authorized to acquire the two lots for redevelopment purposes and appointed appraisal commissioners to assess the amount of just compensation due the owners for the taking. The appraisers fixed May 2, 1963, as the date for the hearing. On April 29, Samuel S. Mitchell, attorney of record for the respondents, gave this notice: "Dear Mr. Clerk: This informs you that neither Mr. Whitted nor I intend to participate in the Commissioner's hearing of May 2, 1963. This is in accordance to the wishes of our client."

The commissioners found and reported to the clerk that the respondents are entitled to recover as just compensation for one lot the sum of $1,500.00, and for the other the sum of $1,800.00. The respondents excepted to the report and excepted to the clerk's order of confirmation, and gave notice of appeal to the Superior Court.

At the call of the case for hearing in the Superior Court, the parties entered these stipulations:

"1. That at the time these actions were instituted, the respondent Bernice T. Hagins was the owner of the properties described in the petitions filed by the Redevelopment Commission of Greensboro.

"2. That said properties are within the Cumberland Redevelopment Area and are a part of the overall redevelopment plan for said area.

"3. That said petitions of the Redevelopment Commission were filed on January 14, 1963, with the Clerk of the Superior Court for Guilford County for the purposes of acquiring fee simple titles to said properties.

"4. That notice of all hearings, filing of motions, orders, and other proceedings before the Clerk was duly given to opposing counsel, as provided by law.

"5. That the properties described in said petitions at one time had a dwelling house on one lot and a beauty parlor, with other improvements, on the other lot.

"6. That at the time said petitions were filed, on January 14, 1963, both structures had been removed and destroyed by the petitioner under an order of the Superior Court in an action entitled, *'Redevelopment Commission of Greensboro v. Bernice T. Hagins, et al.,'* which was reversed by the Supreme Court on appeal; that there is now pending in the Superior Court of Guilford County a suit against petitioner, Redevelopment Commission of Greensboro, et al., to recover damages for the taking and destroying of the improvements on said lands and for other causes alleged in said suit.'

"7. That the plan of redevelopment, under which the Redevelopment Commission of Greensboro instituted these proceedings, was duly adopted by the City Council of the City of Greensboro; that there were adequate funds on hand for the Redevelopment Commission to finance said plan and to acquire said pieces of property owned by the respondent Bernice T. Hagins; that regulations, provisions, safeguards, maps showing the property before taking and reuse maps, design of streets, density of population, restrictions, and methods of financing entire plan in establishing said redevelopment plan had been complied with.

"8. That in said plan of redevelopment was a plan and system of relocation of persons displaced by said plan, and same was in existence at the time said petitions were filed, on January 14, 1963."

The petitioner introduced evidence of its unsuccessful efforts to purchase the two lots. Mrs. Hagins, one of the respondents, testified: "I talked with Mr. Barkley one time concerning my properties. I also talked with Mr. Jim Greer, from the Redevelopment Commission, about my properties. I refused to admit the court appointed appraisers on my property. I have maintained all along that my property was not for sale for a price but we could swap."

The court overruled all respondents' motions, submitted issues of just compensation due by the petitioner to the respondents on account of the taking. The jury awarded $3,300.00 as just compensation for both lots. From judgment on the verdict, the respondents appealed.

*Mitchell & Murphy, Earl Whitted, Jr., for respondent appellants.*
*Cannon, Wolfe & Coggin by James B. Wolfe, Jr., for petitioner appellee.*

HIGGINS, J. The origin and background of the Redevelopment Commission of Greensboro are set forth in the opinion of this Court on the first appeal reported in 258 N.C. 220, 128 S.E. 2d 391. Actually, the question now presented and argued before the Court is whether the Redevelopment Commission made an attempt in good faith to purchase from the respondents the two lots described in the petition before instituting the proceeding to take the property by condemnation. The petitioner introduced competent and substantial evidence of its attempt to negotiate in good faith prior to the filing of the present petition. One of the respondents admitted that she refused to permit the appraisers to go upon the premises and that she had "maintained all along that my property was not for sale . . ." Hence, objection on which the respondents rely is not sustained. The evidence was sufficient to justify the court in holding that a good faith effort had been made by the Redevelopment Commission to acquire the two lots by purchase. The stipulations appear to eliminate all other objections. On the oral argument here, no other question was debated.

The stipulations disclose that between the time Judge Shaw rendered judgment in the first proceeding, decreeing that the title to the lots and the improvements had passed to the Redevelopment Commission, and the time this Court reversed the judgment, the ". . . structures had been removed and destroyed by the petitioner under an order of the Superior Court . . . that there is now pending in the Superior Court of Guilford County a suit against the petitioner, Redevelopment Commission of Greensboro, et al., to recover damages for the taking and destroying of the improvements on said lands and for other causes alleged in said suit."

The present action involves only the validity of the proceeding instituted January 14, 1963, for the condemnation of the two vacant lots and the award of just compensation due the respondents for the taking. In that connection the respondents have failed to show error in the proceedings now before us. The reference by the stipulations to another action for damages resulting from the destruction of the improvements on the lots is made solely for the purpose of disclosing that this Court has not taken into account that action or any issues involved therein.

In this present proceeding the respondents have failed to show error. The judgment of the Superior Court entered by Judge Johnston on October 13, 1965, is

Affirmed.

MOORE, J., not sitting.