REDEVELOPMENT COMMISSION OF THE CITY OF WASHINGTON, NORTH CAROLINA v. BRYAN GRIMES AND WIFE, BOBBY H. GRIMES; AND JUNIUS D. GRIMES, JR., AND WIFE, LILY G. GRIMES

No. 702SC186

(Filed 24 June 1970)

**1. Eminent Domain § 9; Municipal Corporations § 4— condemnation by redevelopment commission — requisites of petition**

In order for a redevelopment commission to establish a right to acquire property by condemnation, the petition must affirmatively show that the provisions of G.S. 40-12 and Article 37 of G.S. Chapter 160 have been complied with.

**2. Municipal Corporations § 4; Eminent Domain § 9— condemnation by redevelopment commission**

When a redevelopment commission possessing the power of eminent domain under G.S. 160-462 is unable to agree with the owner for the purchase of property required for its purposes, the procedure to acquire the property is by a special proceeding as provided in Article 2 of G.S. Chapter 40, except as modified by the provision of G.S. 160-465.

3. **Eminent Domain § 1— construction of condemnation statutes**

Statutes prescribing the procedure to condemn lands should be strictly construed.

4. **Eminent Domain § 10; Municipal Corporations § 4— condemnation for urban renewal — denial of allegations — duties of clerk — appointment of appraisers**

When respondents in a special proceeding to condemn land for urban renewal deny the allegations of the petition, the clerk of superior court has the duty, after notice, to hear the parties and pass upon the disputed matters presented on the record; if the allegations of the petition are found to be true, the clerk must then appoint commissioners to appraise the property and assess damages for the taking. G.S. 40-16.

5. **Eminent Domain § 10; Municipal Corporations § 4— condemnation proceeding — appointment of appraisers — failure of clerk to find controverted facts**

In this special proceeding to condemn land for urban renewal, the clerk of superior court did not have authority to issue an order appointing commissioners of appraisal where respondents denied the allegations of the petition, and the record does not show that after a proper hearing the controverted facts had been determined in favor of petitioner, the clerk's finding that commissioners should be appointed not being a sufficient finding of the controverted facts.

6. **Eminent Domain § 11— exception to commissioners' report — determination by clerk — appeal to superior court**

In a condemnation proceeding, the clerk must hear and make a determination of the exceptions to the commissioners' report before an appeal lies to the judge of the superior court.

7. **Eminent Domain § 11— premature appeal to superior court from commissioners' report**

In this condemnation proceeding, purported appeal to the superior court was premature where the clerk of court failed to make findings on the controverted allegations of the petition before appointing commissioners, and the clerk had not acted on the exceptions to the commissioners' report.

8. **Eminent Domain § 11; Trial § 7— condemnation proceeding — appeal to superior court — pretrial conference**

In this condemnation proceeding, the trial court should have conducted a pretrial conference where the record shows that the parties had different concepts of what phase of the matter they were going to try.

9. **Appeal and Error § 2— premature appeal to superior court — questions presented on appeal to the Court of Appeals**

Where appeal to the superior court in this condemnation proceeding was premature, questions with respect to the hearing of evidence in the superior court and the court's findings of fact and conclusions of law are not properly presented on appeal to the Court of Appeals.

APPEAL by petitioner from *Parker, J.,* 3 November 1969 Civil Session of Superior Court held in BEAUFORT County.

On 1 November 1968 Redevelopment Commission of the City of Washington, North Carolina (petitioner), filed a petition for condemnation of the lands of Bryan Grimes and wife, Bobby H. Grimes, and Junius D. Grimes, Jr., and wife, Lily G. Grimes (respondents), described in paragraph four of the petition.

It was alleged in the petition that the petitioner was a body corporate having and exercising the rights, powers and authority conferred by the ordinances of the City of Washington, North Carolina; that on 14 August 1961 the petitioner was created by resolution of the Council of the City of Washington pursuant to G.S. 160-457, and that the Secretary of State issued to it a Certificate of Incorporation; that the respondents are the owners of the property described in paragraph four of this petition; that there are no liens thereon; that on 23 June 1966 the Planning Commission of the City of Washington certified an area within the City of Washington to be a blighted and redevelopment area to be known as the Downtown Waterfront Urban Renewal Area, Project No. NCR 38, and attached a copy of the certification, together with resolutions of the Redevelopment Commission of the City of Washington, North Carolina, certifying that said project area was a non-residential area in character and of the character as described in Chapter 160-456, Subdivision 10, as amended; that it is to be redeveloped for predominantly non-residential uses under the urban renewal plan; that the urban renewal. plan for this project was prepared and approved after due notice and after public hearings, all as required by the statute, and that a copy of the plan was attached to the petition; that the petitioner is proceeding with the plan for the urban renewal of the project and that moneys have been and will be expended in the accomplishment of the plan; that the urban renewal area is an area within the meaning of Article 37 of General Statute 160-456, Subdivision 10; that the real property depicted and platted on the map attached is an integral part of the entire urban renewal project, and it is necessary that said real property be taken in order to accomplish the objectives announced in the urban renewal plan adopted; that it proposes in good faith to carry out its plan for urban renewal; that the petitioner has adequate funds on hand with which to acquire the respondents' property and that the program of urban renewal has qualified for Federal funds to be spent on this project; that the petitioner has attempted by good faith bargaining with the owners to acquire the property of the owners involved in this proceeding but has been unable to do so; and that the petitioner, by resolution duly adopted, is exercising its statutory powers to condemn the property involved in this proceed-

ing and has met all requirements under the provisions of all applicable statutes.

Two of the respondents file one answer and the other two respondents file another answer. Every allegation in the petition was denied by one or both of the respondents except the allegation relating to the tract of land sought to be condemned; and as to this allegation, the respondents contend that the boundaries set forth in the petition are indefinite and uncertain, and they ask the court to order a survey in the cause to be paid for by the petitioner.

On 1 May 1969 the Clerk of the Superior Court of Beaufort County entered the following order appointing commissioners:

"This proceedings is brought pursuant to North Carolina General Statute 40-11, et seq. by the petitioner to acquire by condemnation for its use in its urban redevelopment plans real property owned by the respondents or in which they have an interest, which real property is located in the City of Washington, Beaufort County, North Carolina, and is described as follows:

On the S. side of E. Second St. in the City of Washington, N. C., beginning on the Southern sideline of Second St. at the Laughinghouse corner, which is the Northwest corner of Lot #33, Bonner's Old Part; running thence with the dividing line between Lots No. 27 and No. 33, Bonner's Old Part, Southerly a distance of 144 feet to the Northern line of the Ward lot, thence with the Northern line of the Ward lot in an Easterly direction and parallel to Second Street a distance of 54 feet to the line of the Jones lot (formerly the Fulford lot); thence with said line N. and parallel with Market Street a distance of 144 feet to the Southern sideline of Second St., thence with the Southern sideline of Second Street in a Westward direction 54 feet to the point of beginning. Subject, however, to the easement of right-of-way of Dora Bonner Ward 10 feet in width extending from the Southern line of said property to the Southern line of Second Street as set forth more particularly in deed recorded in B. 353, P. 635, Beaufort County Registry. Being the same conveyed by Dora Bonner Ward and husband H. S. Ward, to Junius D. Grimes by deed dated Oct. 11, 1944, and recorded in Book 353, P. 635, Beaufort County Registry.

MATTERS OF SURVEY ARE EXCEPTED: The above

described land was devised by Junius D. Grimes to his 4 children, Bryan Grimes, Eliza Grimes Wahmann, Charlotte Grimes Cooper and Junius D. Grimes, Jr. by will recorded in Will B. 8, P. 249 in Office of Clerk of Superior Court of Beaufort County.

Subsequently said land was awarded to Bryan Grimes and Junius D. Grimes, Jr., pursuant to the Report of Commissioners and an Order entered in Special Proceeding No. 6128, recorded in Book 571, Page 8 of the Beaufort County Registry.

It further appearing to the court that under the provisions of General Statute 40-11, et seq., commissioners of appraisal should be appointed for the purpose of ascertaining and determining the full compensation which ought justly to be paid to the respondents by the petitioner in accordance with the prayer of the petitioner in its petition filed herein.

IT IS, THEREFORE, ORDERED that B. M. Richardson, Ray Moore, and Lloyd Sloan, all of whom are disinterested and competent freeholders residing in this county where the premises are to be appraised, be and they are hereby appointed as commissioners of appraisal herein to view the premises described in this order and to hear the proof and contentions of the parties with respect to the compensation to be paid by the petitioner to the respondents for the acquisition of the property described herein; that after the proof and contentions have been heard, the said commissioners of appraisal, without any unnecessary delay, and with the majority or all of them being present and acting, shall ascertain and determine the compensation which ought justly to be paid by the petitioner to the respondents herein owning or interested in the real estate appraised by the commissioners for the acquisition of the property described herein; and that said commissioners shall report their proceedings to this court within ten days for the further appropriate orders of the court.

IT IS FURTHER ORDERED that the commissioners of appraisal meet at the office of the undersigned Clerk of the Superior Court of Beaufort County, North Carolina, at 2:00 o'clock PM, on the 23rd day of May, 1969, to subscribe their oath and proceed with the discharge of their duties."

On 2 May 1969 the respondents "object and except to the signing and entering of the order dated May 1, 1969" appointing commissioners.

On 28 July 1969 the commissioners filed their report appraising the property at the value of $27,500.

On 12 August 1969 the petitioner filed exception to the report of the commissioners asserting that the assessment of the commissioners was unreasonable and excessive.

The respondents, two of them on 13 August 1969, and the other two on 15 August 1969, filed exceptions to the report of the commissioners and gave notice of appeal. In their "Notice of Appeal and Exceptions," the respondents assert (1) that the award of the commissioners was less than the true value of the premises and (2) that their reply denying the right of the petitioner to condemn and their exception to the signing of the order appointing commissioners constituted a plea in bar, which should have been determined before any hearing by any commissioner.

This cause was tried in the Superior Court of Beaufort County at the 3 November 1969 Civil Session, and judgment was rendered denying the right of petitioner to condemn the property described in the petition.

From this judgment, this appeal is taken to this court by the petitioner.

*William P. Mayo and LeRoy Scott for petitioner appellant.*

*Wilkinson & Vosburgh by John A. Wilkinson for respondent appellees Bryan Grimes and Bobby H. Grimes.*

*Carter & Ross by W. B. Carter for respondent appellees Junius D. Grimes, Jr., and Lily G. Grimes.*

MALLARD, C.J.

[1]  In order for a redevelopment commission to establish a right to acquire property by condemnation, the petition must affirmatively show that the provisions of G.S. 40-12 and Article 37 of Chapter 160 of the General Statutes have been complied with. *Redevelopment Commission v. Hagins*, 258 N.C. 220, 128 S.E. 2d 391 (1962); *Redevelopment Comm. v. Abeyounis*, 1 N.C. App. 270, 161 S.E. 2d 191 (1968). In the case before us the respondents concede in their brief that the contents of the petition are sufficient to meet the criteria set out in the statutes as interpreted by the courts. Thus, respondents have made no contention that the petitioner has failed to properly allege the prerequisites necessary to exercise the power of eminent domain.

[2]   When a redevelopment corporation, possessing the power of eminent domain under G.S. 160-462, is unable to agree with the owner for the purchase of property required for its purposes, the procedure to acquire the property is by a special proceeding as provided in Article 2 of Chapter 40 of the General Statutes, except as modified by the provision of G.S. 160-465. In McIntosh, N.C. Practice 2d, § 2371(3), it is said:

> "Within the time mentioned in the summons and notice the defendants are to answer the petition, and they may show cause against granting the prayer, or disprove any of the facts alleged in the petition. If the facts alleged are denied, *the burden is upon the petitioner to establish the facts;* but this is for the clerk to hear and determine, and the case is not transferred to the civil issue docket for a jury trial at this stage." (Emphasis Added.)

Under the provisions of G.S. 40-16, after a petition seeking condemnation is filed and served with summons, persons whose estates are to be affected by the proceedings "may answer such petition and show cause against granting the prayer of the same, and *may disprove any* of the facts alleged in it. The court shall *hear the proofs and allegations* of the parties, *and if no sufficient cause is shown against granting the prayer of the petition,* it shall make an order for the appointment of three disinterested and competent freeholders who reside in the county where the premises are to be appraised, for the purposes of the company, and shall fix the time and place for the first meeting of the commissioners." (Emphasis Added.)

[3-5]   Statutes prescribing the procedure to condemn lands should be strictly construed. *Redevelopment Comm. v. Abeyounis, supra.* When the respondents denied the allegations of the petition, it then became the duty of the clerk of superior court in this special proceeding, after notice, to hear the parties and pass upon the disputed matters presented on the record. G.S. 40-16; *Selma v. Nobles,* 183 N.C. 323, 111 S.E. 543 (1922). If the allegations of the petition are found to be true, it would be the duty of the clerk to appoint commissioners to appraise the property and assess damages for the taking. G.S. 40-16. However, in this case, the record does not show, and the order entered by the clerk appointing commissioners does not reveal, that after a proper hearing the controverted facts had been determined in favor of the petitioner. *Randleman v. Hinshaw,* 267 N.C. 136, 147 S.E. 2d 902 (1966). We do not think that the clerk's determination that commissioners should be appointed was a sufficient finding of the controverted facts in this case. Because of

the failure to specifically determine the controverted facts in favor of the petitioner, the Clerk of the Superior Court of Beaufort County did not have authority to issue an order appointing commissioners. G.S. 40-16; *R. R. v. R. R.*, 148 N.C. 59, 61 S.E. 683 (1908); 3 Strong, N.C. Index 2d, Eminent Domain, § 10.

The commissioners appointed by the clerk, after one had been excused and another person was substituted by consent of the parties, filed their report on 28 July 1969.

G.S. 40-19, in pertinent part, reads as follows:

"Within twenty days after filing the report the corporation or any person interested in the said land may file exceptions to said report, and upon the determination of the same by the court, either party to the proceedings may appeal to the court at term, and thence, after judgment, to the appellate division. * * * *"

**[6]** This statute, G.S. 40-19, requires that the clerk hear and make a determination of the exceptions to the report before an appeal lies to the judge of the superior court. In McIntosh, N.C. Practice 2d, § 2371(6), the proper procedure is stated:

"Within twenty days after the report of the commissioners is filed, either party may file exceptions, and when these are heard and determined by the clerk either party may appeal to the judge at term, and the clerk or judge may confirm or modify the report or make such other orders as may be necessary. * * * *"

The record in the case before us does not contain anything to show that after the filing of exceptions to the report of the commissioners, the provisions of G.S. 40-19 were complied with.

The respondents, in their commendable zeal to protect their interests, say, among other things, in their "appeal entries":

"WHEREFORE, these replying respondents do object and except to the Report of the Commissioners herein and appeal from same to the Superior Court of Beaufort County and demand a Jury Trial, and do further reiterate their Pleas-in-Bar heretofore filed by them in said cause and demand a hearing on the same before any further matters are heard and determined on the Report of said Commissioners."

**[7]** The case was then, insofar as the record before us reveals, transferred to the superior court. The attempted appeal in this case from the "Report of the Commissioners" by the respondents was

premature. The statute, G.S. 40-19, confers the right of appeal, *after a determination by the court* of the exceptions properly filed, but does not give the right of appeal prior to a determination by the clerk.

[8]    The record does not reveal how this matter appeared upon the court calendar for trial at the 3 November 1969 Civil Session of Superior Court of Beaufort County, but it did appear thereon. The petitioner made a motion to continue which was denied by the court. We think that under the circumstances of this case, the trial judge should have conducted a pretrial conference, and these deficiencies would probably have become apparent to the court. This is supported by the fact that upon the case being called for trial, the attorneys for respondents "made a motion that there were questions of fact concerning petitioner's right to condemn which had first to be determined by the court." It appears from the record that the parties had different concepts of what phase of the matter they were going to try. This is evidenced by a portion of the judgment of Judge Parker in which he states:

> "The court being of the opinion that the replies of the respondents raised questions of fact concerning the petitioner's right to condemn, and particularly upon the allegations of Sections Six, Ten and Eleven of the petition, advised the parties that in the course of orderly procedure that there should be an adjudication of the questions of fact raised by the denial of these said allegations of the petitioner as a necessary first step in the determination of the cause.
>
> The court in its discretion then advised the respondents that he considered that they had the burden of going forward upon these questions of fact which were to be determined by the court. * * *"

In addition, Judge Parker found, without any support from this record other than an inference that he may have gathered from the fact that commissioners were appointed, that the defenses raised by the respondents were decided adversely to them and in favor of the petitioner by the Clerk of Superior Court of Beaufort County.

[7, 9]    Petitioner attempts to raise the question as to whether the court committed error in failing to find that the respondents' property was an integral part of the Downtown Waterfront Urban Renewal Area, Project NCR 38. Petitioner argues that the Planning Commission had made a determination that it was an integral part thereof, and the court could not alter such findings unless it was al-

leged and proven that the findings of the Planning Commission were arbitrary and capricious. As has already been pointed out, because of the failure of the clerk to rule upon matters in controversy raised in the pleadings; the failure of the clerk to act on the report of the commissioners and the exceptions thereto; and another procedural irregularities stemming therefrom, the appeal to the superior court was premature. Therefore, the question which petitioner attempts to raise in this court is not properly presented. There were no findings by the clerk on the controverted allegations of the petition. For the same reason, the questions with respect to the hearing of evidence in the superior court on petitioner's right to condemn and whether the superior court committed error in its conclusions of law based on the findings of fact are not properly presented on this appeal.

The order of the clerk of superior court dated 1 May 1969, appointing commissioners herein, the report of the commissioners dated 28 July 1969, and the judgment of the superior court dated 7 November 1969 are all vacated, and this cause is remanded to the Superior Court of Beaufort County. The presiding judge or the judge holding superior court in Beaufort County is directed to remand this matter to the Clerk of Superior Court of Beaufort County in order that he may proceed herein as provided by law.

Error and remanded.

MORRIS and GRAHAM, JJ., concur.